IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT HALL,

    Plaintiff,

v.

                      Civil No. 23-01010-BAH

JPMORGAN CHASE BANK,
NATIONAL ASSOCIATION, ET AL.,

    Defendants.

## MEMORANDUM OPINION

Plaintiff Robert Hall brought the present consumer protection action against numerous defendants, alleging financial lenders and debt collectors reported false or inaccurate information to credit reporting agencies ("CRAs"), which harmed Plaintiff's credit score. *See* ECF 81 (First Amended Complaint, hereinafter referred to as "FAC") ¶¶ 8–12. Plaintiff's initial complaint sued twelve different entities. *See* ECF 4, at 1–2. The remaining defendants are JPMorgan Chase Bank, N.A. ("Chase"), OneMain Financial Inc. and OneMain Financial Group LLC ("OneMain"), and EOS USA, Inc. ("EOS"). *Id.* ¶ 12.

Plaintiff's FAC alleges violations of numerous federal and state consumer protection laws. *See* ECF 81. Pending before the court are three motions, including two motions to dismiss filed by Chase and OneMain,[1] ECFs 87, 94, and one motion to strike filed by Plaintiff. ECF 97. The

---

[1] Plaintiff frequently references Chase and OneMain as the "Defendants" throughout his filings related to the motions filed by Chase and OneMain. However, three Defendants remain in the case and one, Defendant EOS, did not move to dismiss any claims against it nor did it move to join in Chase or OneMain's motions to dismiss as to those counts that include EOS as a named defendant. Thus, while the Court will quote Plaintiff's references to "Defendants" in the discussion of the motions to dismiss, this does not include Defendant EOS.

Court has reviewed all relevant filings including memoranda filed by Chase and OneMain, Plaintiff's Opposition and Supplement, ECFs 109, 112, Replies by Chase and OneMain, ECFs 117, 118, and Plaintiff's memorandum in support of Plaintiff's motion to strike, ECF 97, EOS's Opposition, ECF 104 and Plaintiff's Reply, ECF 113. Having reviewed all the relevant filings, I find that no hearing is necessary.[2] *See* Loc. R. 105.6 (D. Md. 2023). For the reasons stated below, Chase's Motion to Dismiss is **GRANTED**. OneMain's Motion to Dismiss is **GRANTED in part and DENIED in part**. Hall's Motion to Strike is **DENIED**.

## I. BACKGROUND

On March 17, 2023, Hall filed a Complaint against twelve defendants in the Circuit Court for Prince George's County, which was subsequently removed to this Court. ECF 1 (Notice of Removal).

### A. Factual Allegations

Chase and OneMain are lenders, and EOS is a debt collector. ECF 81 at 1–2 ¶¶ 3–5. Plaintiff alleges that Chase reported to CRAs that Plaintiff owed a debt. *Id.* at 2 ¶ 8. However, this debt was allegedly over seven years old, and the amount reported was allegedly inflated. *Id.* Further, Plaintiff alleges Chase included a payment history with "excessive negative information" in the report transmitted to CRAs, which "caused Plaintiff's credit score to drop further than justified." *Id.* Against Chase, Plaintiff asserts two counts: (1) Violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b) (Count 7) and (2) Defamation (Count 8).[3] ECF 81, at 7–8 ¶¶ 49–63.

---

[2] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

[3] The FAC includes two claims captioned "Count Seven," the first alleging a violation of the FCRA and the second claiming defamation. ECF 81, at 8–9. The Court will refer to the FCRA claim as Count Seven and the defamation allegation as Count Eight.

As to OneMain, Plaintiff alleges OneMain falsely reported to CRAs that Plaintiff owed a debt to OneMain, when that debt was already paid. *Id.* at 2 ¶ 9. Additionally, Plaintiff asserts the debt is more than seven years old. *Id.* Plaintiff alleges he disputed the debt with the CRAs, but that the CRAs failed to investigate the dispute. *Id.* Plaintiff alleges the CRAs merely forwarded the dispute to OneMain, which confirmed the reporting without investigating the accuracy of the charge. *Id.*

Plaintiff alleges OneMain subsequently sued Plaintiff for the debt (which Plaintiff asserts had been paid) and obtained a default judgment after Plaintiff failed to appear, which Plaintiff attributes to OneMain "misrepresent[ing] that the Plaintiff was served with the lawsuit." *Id.* at 2–3 ¶ 10. Plaintiff brings four counts against OneMain: (1) Violation of the FCRA, 15 U.S.C. § 1681s-2(b); (2) Violation of the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code Ann., Com. Law § 14-202(8); (3) Violation of the Maryland Consumer Protection Act ("MCPA"), Md. Code Ann., Com Law § 13-301(14)(iii); and (4) Defamation. ECF 81, at 4–8 ¶¶ 20–63.

Finally, as to EOS, Plaintiff alleges EOS falsely reported to CRAs that Plaintiff owed a debt to Verizon. *Id.* at 3 ¶ 12. Additionally, Plaintiff alleges any Verizon debt was over seven years old. *Id.* Plaintiff allegedly disputed the debt with the CRAs but the CRAs failed to investigate the suit. *Id.* Plaintiff alleges the CRAs forwarded the dispute to EOS who confirmed the information without verifying the accuracy. *Id.*

### B.    Procedural History

Several defendants, including Chase and OneMain, filed an Emergency Motion to Show Cause at ECF 82, seeking to compel "[t]he Washington Legal Group, Jeffrey Styles, Esq., and Thomas Alston to testify under oath as to their provision of legal assistance in this matter." ECF 82, at 1.

This matter came to the attention of Defendants because on October 13, 2023, counsel for now-dismissed Defendant, Caine & Weber Company, Inc., was inadvertently copied on an email sent by Thomas Alston to Plaintiff.[4] ECF 82-2, at 1. The email included a short instruction on how to file an amended complaint and had two documents attached to it: "a draft First Amended Complaint and a redline First Amended Complaint." *Id.*; ECF 82, at 2. The "[m]etadata in the attached documents indicate[d] that Alston [was] the author" of both, ECF 82, at 2, and both documents mirrored the amended complaint and redlined copy filed at ECF 81 on the same day the email was sent. As noted by prior order, Alston—and his friends and relatives—are frequent litigators in this Court. ECF 85; *see, e.g., Alston v. Orion Portfolio Servs., LLC*, Civ. No. PJM-16-3697, 2017 WL 784122, at *1 n.1 (D. Md. Mar. 1, 2017) (describing Thomas Alston's links to "nearly forty other suits" brought by pro se "plaintiff[s] with the surname Alston" and expressing concern about the sincerity and good faith of the plaintiff). As Judge Messitte observed, "Thomas Alston, a non-attorney, has not only been among the named pro se plaintiffs but appears as well to have been the author-in-fact of several of these pro se Alston-Plaintiff suits, as well as other suits, ostensibly filed by pro se plaintiffs seeking monetary compensation for trivial harms." *Alston v. Experian Info. Sols., Inc.*, Civ. No. PJM-15-3558, 2016 WL 4555056, at *8 (D. Md. Aug. 31, 2016) (italicization removed). "[I]t would be imprudent to ignore the history concerning Thomas Alston, [a] paralegal who had in the past advertised, walked, and talked like a licensed member of the Bar." *Miller v. Trident Asset Mgmt., LLC*, Civ. No. ADC-18-2538, 2019 WL 6528610, at *4

---

[4] Mr. Alston's email was sent from an address ending in "washlegal.com." ECF 82-2, at 1. This domain is affiliated with the Washington Legal Group, a law firm that Chase and OneMain allege is run by Jeffrey Styles. ECF 82, at 2; *see also* United States District Court for the District of Maryland, Bar Member Search: Jeffrey Styles, https://www.mdd.uscourts.gov/bar-member-search (last visited Aug. 22, 2024) (identifying bar number 20659 as Attorney Styles, listing his bar status as "active," and providing his address as one affiliated with "the Washington Legal Group, LLC").

(D. Md. Dec. 4, 2019); *see also Alston v. Schuckit & Assocs., P.C.*, No. 3048, Sept. Term 2018, 2020 WL 3639868, at *1 (Md. App. July 6, 2020) ("Moreover, Plaintiff . . . admitted during his deposition that he was a close personal friend of paralegal—and serial pro se litigant—Thomas Alston, who Plaintiff said often reviews his pleadings for him.").

The Local Rules require, "[u]pon inquiry, all parties appearing without counsel [to] disclose the identity of any individual who has prepared, or assisted in preparing, any documents filed in this Court." Loc. R. 102.1(a)(ii) (D. Md. 2023). This Court ordered Plaintiff to file a sworn affidavit indicating the "extent to which Thomas Alston, or any other individual from the Washington Legal Group, has provided advice to Plaintiff in this case or has advised Plaintiff as to the filing of pro se cases against reporting agencies and financial institutions in general," and "[t]he names of every individual (including, but not limited to, Thomas Alston) or entity that has provided Plaintiff with any advice, documents, or pleadings in connection with this case, including with respect to ECFs 4, 81, and 84." ECF 85, at 3.

Plaintiff filed an affidavit stating:

Thomas Alston has been a friend of over 20 years and, during those years, I became aware of his experience as a pro se litigant and did seek out his advice as to how I might proceed without counsel against credit reporting agencies and financial institutions whom I believed had violated my rights under FCRA and the like. Mr. Alston has provided advice on these matters as well as access to draft documents and pleadings. Despite this, I have made my own decisions, and chosen my own way forward wherever I have disagreed with his advice. Mr. Alston has offered assistance but is not controlling this litigation.

I do not know Mr. Styles of Washington Legal Group or any other member of their staff. I have never been to their office or retained the professional services of any member of their staff. Any allegation that they are providing professional assistance to me is false.

ECF 91 ¶¶ 4–5 (numeration omitted).

Subsequently, Chase filed a letter with the Court indicating Plaintiff's declaration was insufficient. ECF 96 (noting Plaintiff does not "address the fact that the Amended Complaint emailed to him by Mr. Alston is identical to that which he proceeded to file"). Accordingly, Chase renewed its request for a Show Cause Hearing to address in detail the extent of the Washington Legal Group's involvement in Plaintiff's case. *Id.*

Subsequently Chase and OneMain filed the present motions to dismiss, ECFs 87, 94, and Plaintiff filed the present motion to strike. ECF 97. The motions are fully briefed and ripe for disposition.

## II. **LEGAL STANDARD**

### A. Motion to Dismiss: 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) governs dismissals for failure to "state a claim upon which relief can be granted." In considering a motion under this rule, courts discount legal conclusions stated in the complaint and "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court then draws all reasonable inferences in favor of the plaintiff and considers whether the complaint states a plausible claim for relief on its face. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"The complaint must offer 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'" *Swaso v. Onslow Cnty. Bd. of Educ.*, 698 F. App'x 745, 747 (4th Cir. 2017) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). At the same time, a "complaint will not be dismissed as long as [it] provides sufficient detail about [the

plaintiff's] claim to show that [the plaintiff] has a more-than-conceivable chance of success on the merits." *Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 396 (4th Cir. 2014).

The Court may consider "documents attached to the complaint, 'as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic.'" *Fusaro v. Cogan*, 930 F.3d 241, 248 (4th Cir. 2019) (quoting *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)). A document is "integral" when "its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F.Supp.2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis omitted).

### B. Motion to Strike

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from any pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." A motion to strike is viewed with disfavor "because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (internal citations and quotations omitted).

### III. ANALYSIS

Initially, the Court notes that Plaintiff has acknowledged the present FAC was created with the benefit of assistance from Thomas Alston, a non-lawyer paralegal. ECF 91, at 1 ¶ 4 ("Alston has provided advice on these matters as well as access to draft documents and pleadings."). Plaintiff attested that Alston is "not controlling this litigation." *Id.* at 2 ¶ 5. Plaintiff does not dispute that the entirety of the draft sent from Alston to Plaintiff was submitted to the Court as the FAC. *See* ECF 91. The Court does not ignore Mr. Alston's long history of litigation and echoes the concerns of jurists across the District of Maryland about the motives for his outsized

involvement in litigation here. Nevertheless, without any affirmative indication that Plaintiff has received legal assistance from *lawyers* of the Washington Law Group, the Court will continue to treat Plaintiff as pro se. However, when appropriate, the Court acknowledges that Plaintiff has received assistance from Mr. Alston, a serial litigator whose fluency in these types of lawsuits is well-documented. Pro se plaintiffs' pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014). "Moreover, a federal court may not act as an advocate for a self-represented litigant." *Desgraviers v. PF-Frederick, LLC*, 501 F. Supp. 3d 348, 351 (D. Md. 2020) (citing *Brock v. Carroll*, 107 F.3d 241, 242–43 (4th Cir. 1997)).

### A. Chase's Motion to Dismiss

Chase filed a motion to dismiss, or, in the alternative, to sever at ECF 87, alleging that Plaintiff's complaint should be dismissed with prejudice because it fails to allege a plausible claim and because Plaintiff has had two opportunities to plead a plausible claim with the help of a legally sophisticated assistant, Mr. Alston. ECF 87-1, at 1. The two claims brought against Chase allege (1) violations of the FRCA and (2) defamation under Maryland law. ECF 81, at 6–9 ¶¶ 44–63

#### 1.   Count 7 - FCRA: 15 U.S.C. § 1681s-2(b)

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). "The statute regulates the CRAs, and those who 'furnish' consumer data to CRAs," like Chase. *Alston v. Fulton Bank Nat'l Ass'n*, Civ. No. 22-2596-PX, 2023 WL 8545221, at *2 (D. Md. Dec. 11, 2023) (quoting 15 U.S.C. § 1681s-2) (citing *Chiang v. Verizon New England Inc.*, 595 F.3d 26, 35 (1st Cir. 2010)).

To state a claim under the FCRA, a plaintiff must plead "(1) that he [] notified the consumer reporting agency of the disputed information, (2) that the consumer reporting agency notified the defendant furnisher of the dispute, and (3) that the furnisher then failed to investigate and modify the inaccurate information." *Magruder v. Educ. Sys. Fed. Credit Union*, 194 F. Supp. 3d 386, 390 (D. Md. 2016) (citations omitted).

Chase primarily argues that Plaintiff's FAC "relies on impermissible group pleading" and fails "to delineate what defendant committed or played what role in the alleged misconduct." ECF 87-1, at 7 (citing *Classen Immunotherapies, Inc. v. Biogen IDEC*, 381 F. Supp. 2d 452, 455 (D. Md. 2005)); *see also Proctor v. Metro. Money Store Corp.*, 579 F. Supp. 2d 724, 744 (D. Md. 2008) ("At best, such pleading amounts to a conclusory allegation that . . . [each Defendant] [was] somehow responsible for the wrongful conduct . . . . At worst, the repeated refrain that all three individuals committed each and every act must be read as an allegation that one of the three did each act, an assertion that amounts to speculation and which is deficient under *Twombly*."). Chase argues that Counts Seven (FCRA) and Eight (defamation) are levied against four unrelated Defendants and that Plaintiff fails to state which alleged conduct is attributable to each Defendant. ECF 87-1, at 7. While not denying the reliance on group pleading under Count Seven, Plaintiff argues that paragraph 8 of the FAC puts Chase on notice of the claims against it, rendering Plaintiff's FAC sufficient under Federal Rule of Civil Procedure Rule 8's lenient pleading standard. ECF 109, at 1–2. Thus, the primary dispute is whether paragraph 8 of the FAC adequately pleads a FRCP claim.

Paragraph 8 of Plaintiff's FAC states in its entirety:

[Chase] reported that Plaintiff owed a debt to the credit reporting agencies ("CRAs"). The debt that [Chase] reported was older than 7 years old and the balance was inflated. And the payment history included excessive negative information that caused Plaintiff's credit score to drop further than justified.

> Plaintiff disputed the debt with the CRAs but the CRAs did not investigate the dispute. Instead, the CRAs only forwarded the dispute to [Chase], which confirmed its inaccurate reporting without verifying the balance, payment history or the age of the debt.

ECF 81, at 2 ¶ 8.

Chase accuses Plaintiff's FAC of offering mere "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," which the Supreme Court has made clear will not suffice. ECF 87-1, at 8 (quoting *Iqbal*, 556 U.S. at 687). Further, Chase argues Plaintiff's FAC impermissibly "tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 687. Chase argues this level of generality was intentional and sought to disguise that the FRCA claim was premature. ECF 87-1, at 10. Chase asks how it can "figure out what Plaintiff is complaining about if Plaintiff refuses to tell it and, worse, purposefully hides the ball, including by mixing up whatever claims he may have against Chase with the claims he purportedly has against the other five defendants?" *Id.*

The Court agrees with Chase that the FAC fails to do more than offer "naked assertion[s] devoid of further factual enhancement." *Id.* The allegations against Chase are stated in the most general terms, providing no dates of when the relevant events occurred, nor explaining what "excessive negative information" [5] was included in Chase's reporting. Plaintiff provides no information with which Chase could determine when this alleged error occurred or otherwise identify it in its records. As such, Plaintiff has failed to plead sufficient facts to state a plausible claim for relief. *See, e.g., Alston v. Experian Info. Sols., Inc.*, Civ. No. PJM 15-3558, 2016 WL 4555056, at *5 (D. Md. Aug. 31, 2016) (finding that the plaintiff had failed to state a claim when

---

[5] "The term 'negative information' means information concerning a customer's delinquencies, late payments, insolvency, *or* any form of default." 15 U.S.C.A. § 1681s-2(7)(G)(i) (emphasis added). Given that the statute provides multiple definitions for the term, a bare recitation to the statutory text, at least without additional factual allegations, fails to state a plausible claim for relief.

he merely identified alleged wrongdoing using language mirroring the statute the defendant was alleged to have violated but provided no specific details). Therefore, Chase's motion to dismiss with respect to Plaintiff's FCRA claim (Count 7) is granted.

### 2. Count 8 - Defamation

Under Maryland law, the tort of defamation has four elements: "(1) that the defendant made a defamatory statement to a third person, (2) that the statement was false, (3) that the defendant was legally at fault in making the statement, and (4) that the plaintiff thereby suffered harm." *Offen v. Brenner*, 935 A.2d 719, 723–24 (Md. 2007) (citation omitted). Chase argues Plaintiff's defamation claim is preempted by the FRCA. ECF 87-1, at 13. The FRCA provides that:

> [N]o consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency ... *except as to false information furnished with malice or willful intent to injure such consumer.*

15 U.S.C. § 1681h(e) (emphasis added). Chase argues Plaintiff has failed to allege Chase engaged in conduct with "malice or willful intent" and therefore, Plaintiff's defamation claim against Chase must be dismissed. ECF 87-1, at 13 (citing *Jackson v. JP Morgan Chase Bank, N.A.*, 2022 WL 1663565, at *2 (D. Md. May 25, 2022) and *Beuster v. Equifax Info. Servs.*, 435 F. Supp. 2d 471, 477 (D. Md. 2006)); *see also Jackson*, 2022 WL 1663565, at *2 (dismissing pro se plaintiff's FRCA and defamation claim because the Plaintiff made no allegations that Defendant acted with "malice or willful intent").

Plaintiff argues he has alleged malice or willful intent at ¶ 61 of the FAC, which alleges that "Defendants knew that their false reporting would cause Plaintiff to be denied credit or hamper and obstruct Plaintiff's ability to obtain credit." ECF 81, at 9 ¶ 61. Plaintiff relies on *Jones v. Aberdeen Proving Ground Federal Credit Union*, ELH-21-1915, 2022 WL 1017094, at *20 (D.

Md. Apr. 5, 2022), to support the argument that willful misreporting is sufficient to demonstrate malice. ECF 109, at 6. As "malice, intent, knowledge, and other condition of mind of a person. may be averred generally," *id.* (citing *Jones*, 2022 WL 1017094, at *37), Plaintiff argues the general pleading of willful misrepresentation is sufficient to survive a motion to dismiss, *id.* Chase counters that ¶ 61 of the FAC does not sufficiently plead that Chase engaged in malice or willfully misrepresented Plaintiff's credit history because Plaintiff never avers Chase's knowledge, and the complaint pleads no factual basis for malice. ECF 118, at 5–6.

"To establish malice, Plaintiff must allege that a defendant published material while entertaining serious doubts as to the truth of the publication or with a high degree of awareness of probable falsity," or with actual knowledge of the falsity of the information. *Beuster*, 435 F. Supp. 2d at 480 (citing *Foretich v. Capital Cities/ABC, Inc.*, 37 F.3d 1541, 1551 n.8 (4th Cir.1994)). At the motion to dismiss stage, however, "malice, intent, knowledge, and other condition of mind of a person may be averred generally." *Id.* (quoting Fed.R.Civ.P. 9(b)). Here, though Plaintiff alleges that Chase knew that any false reporting would injure Plaintiff, Plaintiff does not allege that Chase knew or recklessly disregarded the possibility that the specific reporting it made was false. *See* ECF 81, at 9 ¶ 61. As such, Plaintiff's defamation claim (Count 8) is preempted and must be dismissed with respect to Chase. *See Alston v. United Collections Bureau, Inc.*, Civ. No. DKC 13-0913, 2014 WL 859013, at *11 (D. Md. Mar. 4, 2014) (dismissing defamation claim as preempted by FCRA when "there [was] no indication that [the defendant] knew the information it was allegedly reporting regarding [the plaintiff's] debt was false").

**B.     OneMain's Motion to Dismiss**

Defendant OneMain moves to dismiss for a number of reasons, many mirroring those advanced by Chase.[6] *See* ECF 94-1, at 6–16. The Court addresses each claim against OneMain in turn.

                1.     Count 2 - MCDCA: Md. Code Ann., Com. Law § 14-202(8)

"The [MCDCA] prohibits debt collectors from utilizing threatening or underhanded methods in collecting or attempting to collect a delinquent debt." *Bradshaw v. Hilco Receivables, LLC*, 765 F. Supp. 2d 719, 731–32 (D. Md. 2011) (citing Md. Code Ann., Com. Law §§ 14–201 to 14–204). Among other things, the MCDCA provides that a debt collector may not "[c]laim, attempt, or threaten to enforce a right with knowledge that the right does not exist." § 14-202(8). Here, Plaintiff alleges that OneMain violated this provision by attempting to collect on a debt Plaintiff previously owed that it knew to be paid off and attempting to collect on a judgment based on that invalid debt. ECF 81, at 4–5 ¶¶ 20–26.

OneMain argues that Plaintiff's MCDCA claim against it must be dismissed because "[t]he MCDCA . . . is meant to proscribe certain impermissible conduct with respect to the methods of

---

[6] According to OneMain, "in 2015, OneMain Financial, Inc. was merged into OneMain Financial Group, LLC," and thus OneMain Financial, Inc., "ceased to exist as a valid legal entity that could be sued." ECF 94-1, at 14–15. The Court takes judicial notice of the fact that Defendant OneMain Financial, Inc., merged with another corporation to form a new entity, OneMain Financial Group, LLC, in 2015, well before the filing of this lawsuit. *See* ECF 94-5 (showing corporate charter approval sheet and other documents for OneMain Financial Group, LLC); *see also* State of Delaware Department of State, Division of Corporations Entity Search: OneMain Financial Group, LLC, https://icis.corp.delaware.gov/Ecorp/EntitySearch/NameSearch.aspx (last visited Aug. 22, 2024) (search for OneMain Financial Group, LLC, showing incorporation/formation date of 2015). As such, OneMain's motion will be granted with respect to dismissal of OneMain Financial, Inc., and OneMain Financial, Inc., will be dismissed as a defendant in this case. *See James v. Powers*, No. C.A. 8:0422499CMCBHH, 2006 WL 167677, at *2 (D.S.C. Jan. 20, 2006) ("[T]he court dismisses Plaintiff's claims against this Defendant because this Defendant does not exist."). For the remainder of this opinion, "OneMain" will refer exclusively to OneMain Financial Group, LLC.

debt collection, but the Act *is not* a mechanism for attacking the validity of the debt." ECF 94-1, at 13 (citing *Fontell v. Hassett*, 870 F. Supp. 2d 395, 405 (D. Md. 2012)). In response, Plaintiff argues that OneMain's interpretation of the MCDCA is incorrect because "the express language of the MCDCA requires that Plaintiff[] allege that [OneMain] acted with knowledge as to the invalidity of the debt." ECF 109, at 9 (alteration in Plaintiff's opposition) (quoting *Stewart v. Bierman*, 859 F. Supp. 2d 754, 759 (D. Md. 2012)).

The Supreme Court of Maryland clarified the MDCDA's applicability to disputed debts in 2021. *See Chavis v. Blibaum & Assocs., P.A.*, 264 A.3d 1254, 1268–69 (Md. 2021). In *Chavis*, the Supreme Court of Maryland expressly disagreed with this Court's holding in *Fontell* and held that "a plaintiff may invoke § 14-202(8) when the amount claimed by the debt collector includes sums that the debt collector, to its knowledge, does not have the right to collect." *Id.* at 1269. This is exactly what Plaintiff seeks to do here.

OneMain also argues that Plaintiff's MCDCA claim is barred by the statute of limitations. ECF 94-1, at 14. The complaint, however, makes no mention of dates, and as the Court is constrained to considering the complaint and documents integral thereto in its evaluation of a motion to dismiss, *Fusaro*, 930 F.3d at 248, this argument must fail.

Plaintiff has otherwise pled sufficient facts to state a claim for a violation of the MCDCA. Plaintiff pled that OneMain (1) filed a lawsuit to enforce an invalid debt against Plaintiff; (2) misrepresented that it had served Plaintiff with that lawsuit; (3) attempted to collect on a void judgment from that lawsuit; and (4) continues to attempt to collect on that judgment even after Plaintiff notified OneMain of its error. ECF 81, at 2–3 ¶¶ 9–10. These facts, taken as true, give rise to a plausible inference that OneMain "attempt[ed] . . . to enforce a right with knowledge that the right does not exist." § 14-202(8). In contrast to the allegations relating solely to the FCRA,

discussed below, the allegations relating to the violation of the MCDCA state facts beyond boilerplate recitation of elements, including that OneMain brought a lawsuit against Plaintiff relating to the allegedly invalid debt and that Plaintiff notified OneMain of its mistake directly. ECF 81, at 2–3 ¶¶ 9–10. As such, OneMain's motion to dismiss must be denied with respect to Plaintiff's MCDCA claim (Count 2).

### 2. Count 3 - MCPA: Md. Code Ann., Com. Law § 13-301(14)(iii)

A violation of certain provisions of the MCDCA, including § 14-202, constitutes an "[u]nfair abusive, or deceptive trade practice[]" in violation of the MCPA. Md. Code Ann., Com. Law § 13-301(14)(iii). Plaintiff alleges that OneMain is therefore liable under the MCPA based upon its liability under the MCDCA. ECF 81, at 5 ¶ 29 ("OneMain violated the MCPA, Md. Code Ann., Com Law § 13-301(14)(iii) by violating the MCDCA as described in paragraphs 22–24."). Because Plaintiff has stated a claim under § 14-202(8), the Court finds that Plaintiff has also stated a claim under Law § 13-301(14)(iii). *See Alexander v. Carrington Mortg. Servs., LLC*, 23 F.4th 370, 379 (4th Cir. 2022) ("[B]ecause we hold that Carrington has violated the MCDCA . . . plaintiffs' derivative MCPA claim can also proceed[.]"). As such, OneMain's motion to dismiss must also be denied with respect to Plaintiff's MCPA claim (Count 3).

### 3. Count 7 - FCRA: 15 U.S.C. § 1681s-2(b)

Similar to Chase, OneMain argues that the Plaintiff's FCRA claim against it should be dismissed because of impermissible group pleading and failure to allege sufficient facts to state a claim for relief. ECF 94-1, at 6–7. The allegations relating to Plaintiff's FCRA claim are contained in paragraph 9 of the FAC, which reads in its entirety:

> OneMain reported that Plaintiff owed a debt to the credit reporting agencies ("CRAs") that was paid but was still charged off. Plaintiff did not owe a debt to OneMain and it was paid before it was charged off. Specifically, Plaintiff had a debt, but it was covered and paid by unemployment insurance. Plus, the debt that

is older than 7 years old. Plaintiff disputed the debt with the CRAs but the CRAs did not investigate the dispute. Instead, the CRAs only forwarded the dispute to OneMain, which confirmed its inaccurate reporting without verifying the debt was not paid or the age of the debt.

ECF 81, at 2 ¶ 9.

As was true for the allegations against Chase, the facts pled here lack any dates or other information that would permit OneMain to identify this report in its records. There is no mention of the date of the report or the amount of the alleged debt. The source of the funds with which Plaintiff allegedly paid the debt also fails to adequately delineate OneMain's allegedly violative behavior. As such, Plaintiff has failed to state a plausible claim for relief against OneMain with respect to a violation of the FCRA (Count 7).

### 4. Count 8 - Defamation

The allegations regarding malice relating to Plaintiff's defamation claim are the same for OneMain as for Chase. ECF 81, at 9 ¶ 61. As such, this claim must be dismissed with respect to OneMain (Count 8) for the same reasons discussed above.

### C. Plaintiff's Motion to Strike

Finally, the Court turns to Plaintiff's motion to strike EOS's affirmative defenses asserted in its answer to Plaintiff's original complaint. ECF 97. Plaintiff has amended his complaint since the filing of EOS's original answer. *See* ECF 49 (EOS's original answer); ECF 81 (Plaintiff's FAC). EOS's answer to Plaintiff's FAC asserts different affirmative defenses than did its initial answer. *Compare* ECF 49, at 7 (asserting ten affirmative defenses), *with* ECF 93, at 6–7 (asserting only five affirmative defenses). As such, Plaintiff's motion to strike is denied as moot.

## IV. CONCLUSION

For the foregoing reasons, Chase's Motion to Dismiss is **GRANTED** and Counts 7 and 8 are dismissed without prejudice as to Chase. OneMain Financial Group LLC's Motion to Dismiss

is **GRANTED in part and DENIED in part.** Counts 7 and 8 dismissed without prejudice as to Onemain Financial Group LLC. All counts are dismissed against OneMain Financial, Inc. Plaintiff's Motion to Strike is **DENIED.**

A separate implementing Order will issue.

Dated: <u>August 26, 2024</u>                                             <u>          /s/          </u>
                                                                          Brendan A. Hurson
                                                                          United States District Judge